# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RIVERWALK TOWER UNIT OWNERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | 3:12-cv-00604-RCJ-WGC |
| vs. | ) ) | **ORDER** |
| GREAT AMERICAN INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

This is a declaratory judgment action removed from state court. Pending before the Court is a Motion to Remand (ECF No. 9). For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

The present case is the third case in a series of cases with a fairly complex procedural history. According to the Complaint, Plaintiff Riverwalk Tower Unit Owners Association ("Riverwalk Tower UOA") sued non-party Dion George and others in state court in 2007. (*See* Compl. ¶¶ 10, 12, Sept. 27, 2012, ECF No. 1-1). In 2011, George sued Riverwalk Tower UOA in state court for failing to defend and indemnify him in the 2007 action. (*See id.* ¶ 11). George had been a Defendant in the 2007 action based upon his alleged breach of fiduciary duties to Riverwalk Tower UOA. (*See id.* ¶¶ 11, 14–16). In the present case, Riverwalk Tower UOA sued Great American Insurance Co. ("Great American") in state court for failing to defend and indemnify it in the 2011 action. Great American has removed, and Riverwalk Tower UOA has asked the Court to remand for failure to satisfy the amount in controversy, or alternatively, to

abstain.

## II.   LEGAL STANDARDS

Assuming complete diversity, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III.   ANALYSIS

The Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. The question is not answered by the amount prayed for in a complaint. In Nevada, a plaintiff must include in the complaint a recital seeking more than $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited jurisdiction of the justice court, whether the plaintiff in fact seeks $10,000.01 or $10,000,000,000. That number is therefore meaningless to the amount-in-controversy for the purposes of a diversity analysis. Nor are settlement offers relevant. The question is whether it is more probable than not that the plaintiff, if it prevails on the theories alleged in the complaint, can recover more than $75,000 in damages, fees, and costs.

Here, the amount in controversy is in significant doubt. Great American has not shown by a preponderance of the evidence that more than $75,000 is at stake. Riverwalk Tower UOA seeks a declaration that Great American has breached its duty to defend and indemnify Riverwalk Tower UOA in the 2011 action. The Complaint contains only the "in excess of $10,000" recital and nowhere identifies any sum certain. The Notice of Removal notes only that the plaintiff in the 2011 action (George) has delivered an offer of judgment to Riverwalk Tower UOA in the amount of $401,000. That settlement offer, however, is not relevant to the amount to which Great American in the present action might be liable to indemnify Riverwalk Tower UOA. It is

1  not clear that Riverwalk Tower UOA will be held liable at all in the 2011 action, so only the cost
2  of its defense to date in that action is truly at issue at this stage. And even assuming Riverwalk
3  Tower UOA's liability to George, as Riverwalk Tower UOA correctly notes, it is possible that
4  the $401,000 demand is absurd based on the circumstances of that case. A demand is no proof of
5  damages. There is no evidence before the Court indicating the likelihood of Riverwalk Tower
6  UOA's liability in the state court action, if any, or the costs of defending that action. The Court
7  cannot say it is more likely than not that a verdict against Riverwalk Tower UOA in the state
8  court action, plus Riverwalk Tower UOA's legal fees, will exceed $75,000. Defendant produces
9  no additional evidence in response to the present motion but reiterates that there has been an
10  offer of judgment in the 2011 action for $401,000.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 9) is GRANTED and the case is REMANDED.

IT IS FURTHER ORDERED that the Motion for Leave to File Surreply (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge